Allen Eugene **KELLY**, Sr., Plaintiff,

v.

J. C. **SMITH** et al., Defendants

Garland Wayne **KELLY**, Plaintiff,

v.

J. C. **SMITH** et al., Defendants. (two cases).

Nos. GC 71–5–S, GC 71–18–S and GC 71–19–S.

United States District Court, N. D. Mississippi, Greenville Division.

June 27, 1972.

Philip E. Henderson and Robert L. Morris, of Henderson, Hanemann & Morris, Houma, La., Walter R. Harwell, Jr., Baton Rouge, La., for plaintiffs.

Roy D. Campbell, Jr., and James L. Robertson, of Campbell, DeLong, Keady, Robertson & Hagwood, Greenville, Miss., M. E. Ward and R. E. Parker, Jr., of Dent, Ward, Martin & Terry, Vicksburg, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The final question for decision by the Court relates to the quantum of damages which plaintiffs are entitled to recover.

After a careful consideration of the evidence submitted to the Court on the trial of the case, deposition of Dr. Harold B. Boyd and memorandums of the parties, the Court makes the findings of fact and conclusions of law which follow.

Plaintiff, Allen Eugene Kelly, Sr., (Mr. Kelly) suffered an injury to his right ankle as the direct and proximate result of the gunshot wound received by him on November 27, 1965. The bullet entered, passed through and destroyed the ankle. The bottom of the tibia, the bottom of the fibia and the top of the talus were torn away. Parts of the bullet exited on the side opposite the point of entrance. A large portion of the bone and tissue were destroyed and foreign matter was carried into the bones of the ankle. A large amount of blood was lost and one of the arteries supplying blood to the foot was irreparably damaged.

Mr. Kelly was carried to the hospital in Greenville, Mississippi, where he was attended by Dr. Thomas G. Barnes, a surgeon connected with Gamble Brothers and Archer Clinic. Mr. Kelly remained in the hospital for several weeks and continued to suffer from his injured ankle. On August 3, 1966 Dr. Barnes referred Mr. Kelly to Campbell's Clinic in Memphis, Tennessee, where he was attended by Dr. Harold B. Boyd, an orthopedic surgeon on the clinic's staff. Dr. Boyd performed an ankle fusion on Mr. Kelly's ankle on or about November 7, 1966. As a result of the fusion Mr. Kelly's leg is shorter than the other one. This condition has caused Mr. Kelly to have back trouble, the nature of which is said by Dr. Boyd to be a back strain. The gunshot wound received by Mr. Kelly has resulted in a chronic infection of the ankle. Intermittently the ankle becomes red, swollen and infected. Mr. Kelly can obtain relief only by a rupture of the swollen ankle or by an incision to drain the sinus. During these episodes Mr. Kelly runs a fever and is incapacitated.

Mr. Kelly's physicians estimate that he has suffered a fifty five percent (55%) disability of the foot and ankle, and approximately a twenty percent (20%) disability of the body as a whole. Before his injury Mr. Kelly worked for Swift and Company, at Greenville, Mississippi, as a shipper-receiver. In this work Mr. Kelly was required to walk and stand and be on his feet on damp floors for a large portion of the work day. Mr. Kelly had worked for Swift and Company in this position for twenty-six years before he received the injury. After being injured, Mr. Kelly went back to work but was unable to perform his regular duties and was assigned to a desk job. Mr. Kelly worked until March 21, 1969, but on the advice of his attending physicians he has not worked since that time.

Swift and Company paid Mr. Kelly his full salary of $437.50 per month through October 16, 1969 and then $218.75 per month from October 17, 1969 through April 23, 1970. Mr. Kelly is now on a pension with Swift and Company, the amount being $113.60 per month.

The Court finds from all of the evidence in the case that Mr. Kelly has suffered and will continue in the future to suffer extreme and excruciating physical pain and anguish as the direct and proximate result of the injury received by him. Also as the direct result of his injuries, Mr. Kelly has suffered a loss of wages and will continue to suffer a loss of wages, as his earning capacity and ability to work has been seriously impaired.

Mr. Kelly is now fifty-eight years of age. Prior to his injury he was active in his work and engaged in other pursuits which he cannot now pursue on account of his physical condition brought on by his injuries. Mr. Kelly's earnings, at the time of his injury, was $5,252.00 per year. He claims that he has suffered a loss in wages from March 21, 1969 to the present in the sum of $11,379.00. Swift & Company gratuitously paid Mr. Kelly his full salary from March 24, 1969 to October 16, 1969 and a portion of his salary from October 17, 1969 through April 23, 1970. Mr. Kelly now draws a pension from Swift & Company in the amount above mentioned. Such payments by Swift & Company do not justify a claim on the part of defendants for an offset against the amount which they would otherwise owe him on account of his injuries.

Mr. Kelly also claims loss of future wages in the sum of $35,889.00. The amount is calculated at the rate of $5,252.00 per year for six years and ten months. Mr. Kelly will become sixty-five years of age at the end of that period.

The Court does not, however, believe that Mr. Kelly has suffered a total permanent disability. The Court finds that Mr. Kelly has suffered an impairment in his ability to work, with resulting loss to wages, to the extent of fifty to sixty percent. Mr. Kelly's work required him to stand, walk and be on his feet most of the time. He can no longer perform work which requires such activities on his part. When Mr. Kelly's ankle is draining he cannot perform work of any kind. Between draining episodes, however, the proof shows that he can do sedentary work. Mr. Kelly's work experience and the education which he has do not qualify him to perform sedentary work which would be highly remunerative.

Considering all aspects of the case, the Court finds that Mr. Kelly has suffered a loss of past and future wages, including permanent partial disability, in the sum of $35,000.00.

The Court finds that Mr. Kelly is entitled to recover for medical expenses incurred for the treatment of his injuries in the amounts as follows:

| | |
|---|---|
| Kings Daughters Hospital Greenville, Mississippi | $1,167.27 |
| Drs. Gamble Brothers and Archer Clinic (Dr. Thomas G. Barnes), Greenville, Mississippi | 630.00 |
| Baptist Memorial Hospital Memphis, Tennessee | 333.95 |
| Campbell Clinic (Dr. Harold B. Boyd and others), Memphis, Tennessee | 2,584.92 |
| Anesthesiologist | 45.00 |
| Drug Bills | 11.26 |
| Total | $4,772.40 |

For the physical pain and suffering Mr. Kelly has endured and will continue to endure in the future as result of his injuries, the Court finds, after considering all of the evidence in the case, that Mr. Kelly is entitled to receive compensation in the sum of $30,000.00.

In summary, the Court fixes the damages to which Mr. Kelly is entitled as follows:

| | |
|---|---|
| 1) Loss of past and future wages, including permanent partial disability, the sum of | $35,000.00 |
| 2) Pain and suffering, past and future, the sum of | 30,000.00 |
| 3) Medical and hospital expenses, the sum of | 4,772.40 |
| Total recovery | $69,772.40 |

Garland Wayne Kelly was injured by the bullet, but his injury was not serious and was temporary in nature. The Court finds that Garland Wayne Kelly is entitled to recover damages, as follows:

| | |
|---|---|
| 1) Loss of wages | $ 312.48 |
| 2) Medical expense, King Daughters Hospital and Gamble Brothers Clinic (Dr. Barnes) | 281.48 |
| 3) Pain and suffering | 2,000.00 |
| Total recovery | $2,593.96 |

On the issue of interest, the Court does not feel, when all things are considered, that plaintiffs are entitled to pre-judgment interest.

The evidence in the case shows that Mr. Kelly was knocked down in the Kroger store in Greenville, Mississippi on an occasion after he received his injury. The Court has considered this incident and does not find that Mr. Kelly received an injury on this occasion which has contributed to his disability.

Appropriate judgments will be entered by the Court.